**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | | |
|---|---|---|
| GERALD RADEMACHER, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 08 C 1017 |
| MONTEREY FINANCIAL SERVICES, INC., | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, GERALD RADEMACHER, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, MONTEREY FINANCIAL SERVICES, INC., and alleging as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

## PARTIES

3. Plaintiff, Gerald Rademacher, ("Plaintiff"), is an individual who was at all relevant times residing in the City of Racine, State of Wisconsin.

4. At all relevant times herein, Defendant, Monterey Financial Services, Inc., ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Sandcastle Condominium Trust.

1

5. Defendant is a corporation that has its principal place of business and its offices located in the State of California.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. MONTEREY FINANCIAL SERVICES, INC.

6. On October 22, 2008, Plaintiff began receiving telephone calls from a representative of Defendant attempting to collect a debt allegedly owed to Sandcastle Condominium Trust in the amount of $9,000.

7. In said conversation, Plaintiff notified Defendant that the alleged debt was over twenty years old and had been resolved over twenty years ago in a divorce decree. Plaintiff requested Defendant provide him with specific information regarding the alleged debt and the amount owed.

8. On October 23, 2008, Plaintiff drafted and sent Defendant a formal cease and desist letter demanding validation of the alleged debt.

9. On October 24, 2008, Plaintiff contacted Defendant to advise it he would be faxing validation notice and requested Defendant provide it with confirmation of receipt.

10. In said correspondence, Plaintiff advised Defendant that the account was a disputed account. Defendant advised Plaintiff that there was no statute of limitations on the account, but that the account could be rolled over each year.

11. On October 31, 2008, Plaintiff received a voicemail message from Defendant stating that he would be given one last chance to make payment on the account prior to Plainitff receiving the requested validation information before it had any "negative effect" on Plaintiff.

12. Defendant went on to state that if Plaintiff would like to resolve the issue without further proceedings, Defendant would be happy to assist Plaintiff, otherwise, Defendant would

provide Plaintiff with the requested information, However, Defendant would then need to take further action on its end.

13. On November 3, 2008, Plaintiff mailed the cease and desist letter to Defendant via certified mail and to date, Plaintiff has only received one written communication from Defendant requesting payment of $9595.

14. In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

    b. Within five days of the initial communication with a consumer in connection with the collection of any debt failed to send the consumer a written notice containing the information required pursuant to the FDCPA in violation of 15 U.S.C. § 1692g(a); and

    c. Failed to cease collection of the debt or any disputed portion thereof until the debt collector obtains verification of the debt after being notified by the consumer in writing that the debt, or any portion thereof, is disputed or that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. § 1692g(b).

15. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, GERALD RADEMACHER, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Plaintiff;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Respectfully Submitted,
**GERALD RADEMACHER**


By:    s/ Larry P. Smith
      Attorney for Plaintiff


Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.    (312) 222-9028
Fax    (312) 602-3911
e-mail  lsmith@lpsmithlaw.com